IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KOYE "CORY" TEMILOLA BENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:19-cv-01161-E |
| | § | |
| UNITED INVESTEXUSA 10, LLC D/B/A | § | |
| NEW WESTERN ACQUISITIONS, | § | |
| UNITED INVESTEXUSA 2, LLC D/B/A | § | |
| NEW WESTERN ACQUISITIONS, | § | |
| UI HOLDINGS, LLC, STUART DENYER, | § | |
| KURT CARLTON, AND PAUL HESS, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants United InvestexUSA 10, LLC d/b/a New Western Acquisitions, United InvestexUSA 2, LLC d/b/a New Western Acquisitions, UI Holdings, LLC, Stuart Denyer, Kurt Carlton, and Paul Hess (collectively, "Defendants") submit the following proposed jury instructions.

*Signature on following page*

Respectfully Submitted,

*s/ Molly M. Jones*

Brant C. Martin
brant.martin@wickphillips.com
State Bar No. 24002529
Molly M. Jones
molly.jones@wickphillips.com
State Bar No. 24100271
Zachary C. Farrar
zachary.farrar@wickphillips.com
State Bar No. 24093418

WICK PHILLIPS GOULD & MARTIN LLP
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102
Telephone: 817.332.7788
Facsimile:  817.332.7789

**ATTORNEYS FOR DEFENDANTS
UNITED INVESTEXUSA 10, LLC D/B/A
NEW WESTERN ACQUISITIONS, UNITED
INVESTEXUSA 2, LLC D/B/A
NEW WESTERN ACQUISITIONS,
UI HOLDINGS, LLC, STUART DENYER,
KURT CARLTON, AND PAUL HESS**

## CERTIFICATE OF SERVICE

On August 4, 2020, the foregoing document was electronically submitted with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that all counsel of record has been served electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*s/ Molly M. Jones*

Molly M. Jones

**Definitions for the Instructions and Charge**

For purposes of the Instructions and Charge, these terms have the following definitions:

- "Plaintiff" shall mean Plaintiff in this lawsuit, Koye "Cory" Temilola Benson;

- "United 10" shall mean Defendant United InvestexUSA 10, LLC d/b/a New Western Acquisitions;

- "United 2" shall mean United InvestexUSA 2, LLC d/b/a New Western Acquisitions;

- "New Western" shall mean United 10 and United 2;

- "UI Holdings" shall mean UI Holdings, LLC;

- "Denyer" shall mean Stuart Denyer;

- "Carlton" shall mean Kurt Carlton;

- "Hess" shall mean Paul Hess;

- "Individual Defendants" shall mean Denyer, Carlton, and Hess; and

- "Defendants" shall mean New Western, UI Holdings, and the Individual Defendants.


Approved _____          Not Approved _____          Approved as Modified _____



_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE

## General Instruction No. 1

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.

Approved _____          Not Approved _____          Approved as Modified _____

_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE

*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 3.1.

### General Instruction No. 2

**Burden of Proof: Preponderance of The Evidence**

Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish "by a preponderance of the evidence" means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claims by a preponderance of the evidence, then he may not recover on that claim.


Approved _____            Not Approved _____            Approved as Modified _____



_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE


*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 3.2.

## <u>General Instruction No. 3</u>

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Approved _____          Not Approved _____          Approved as Modified _____

_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE

*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 3.3.

6

## General Instruction No. 4

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Approved _____          Not Approved _____          Approved as Modified _____


_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE


*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 3.4.

### General Instruction No. 5

**Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Approved _____          Not Approved _____          Approved as Modified _____


_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE


*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 2.11.

## General Instruction No. 6

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

 Approved _____          Not Approved _____          Approved as Modified _____


_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE


*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 3.6.

## <u>General Instruction No. 7</u>

**Bias—Corporate Party Involved**

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Approved _____          Not Approved _____          Approved as Modified _____

_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE

*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 2.16.

## FLSA Instruction No. 1

**Employee or Independent Contractor**

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people perform services for others while remaining self-employed as independent contractors.

In this case, you must decide whether Plaintiff was an employee of any of the Defendants or an independent contractor. You should answer this question in light of the economic realities of the entire relationship between the parties. There are a number of factors you must consider, based on all the evidence in the case. The factors include:

1. Who controls Plaintiff's work. In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and to set the hours of work. In contrast, with respect to an independent contractor, the details, means, and manner by which the contractor completes any assignment are determined by the independent contractor.

2. How Plaintiff is paid. An employer usually pays an employee an hourly or salary basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is ordinarily paid a set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

3. How much risk or opportunity Plaintiff has. An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

4. Who provides Plaintiff's tools, equipment, and supplies. An independent contractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee usually does not.

5. How Plaintiff offers his services. Independent contractors generally offer their services to the public or others in a particular industry and have procured the necessary licenses for performing their services. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.

6. The intent of Plaintiff and Defendant. The parties' intent is always important. But the description the parties give to their relationship is not necessarily controlling. Substance governs over form.

You should consider all the circumstances surrounding the work relationship. An individual who performs services for pay may be either an employee or an independent

11

contractor but cannot be both at the same time. While no single factor determines the outcome, the extent of the right to control the means and manner of the worker's performance is the most important factor.

Approved _____          Not Approved _____          Approved as Modified _____


_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE


*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 11.26.

## **FLSA Instruction No. 2**

**Employer Liability**

Plaintiff can only recover from any Defendant in this case if he proves that he was an "employee of each Defendant and that such Defendant was his "employer," as defined by applicable law. The elements to consider when evaluating whether any of the Defendants are Plaintiff's employer are whether it/he:

> (1) possessed the power to hire and fire employees,
> (2) supervised and controlled employee work schedules or conditions of employment,
> (3) determined the rate and method of payment, and
> (4) maintained employment records.

Plaintiff must show by a preponderance of the evidence that each Defendant is his "employer." The actions of each Defendant must be considered independently. If Plaintiff fails to make such a showing for any particular Defendant, the verdict must be for that Defendant on the claims against it.

Approved _____          Not Approved _____          Approved as Modified _____

_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE

*Source: Gray v. Powers,* 673 F.3d 352, 355 (5th Cir. 2012).

13

## FLSA Instruction No. 3

**FLSA Liability**

Plaintiff claims that Defendants did not pay him overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendants deny Plaintiff's claims and contend that he was not entitled to overtime pay for at least two separate reasons: (1) he was an independent contractor and not an employee, and (2) even if he was an employee, he was an *outside sales employee* who is not entitled to overtime pay under the FLSA.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime if such person is an employee and is not "exempt" from overtime pay.

To succeed on his claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

1.   Plaintiff was an "employee" of each Defendant during the relevant period;

2.   Plaintiff was engaged in commerce or the production of goods for commerce or employed by an enterprise engaged in commerce that had gross annual sales of at least $500,000.00 for 2016, 2017, and 2018; and

3.   Plaintiff worked more than 40 hours in a workweek, but Defendants failed to pay Plaintiff overtime pay required by law.

Plaintiff must prove by a preponderance of the evidence that he was an employee engaged in commerce or employed by an enterprise engaged in commerce.

The term "commerce" has a broad meaning. It includes any trade, transportation, transmission, or communication among the several states, or between any state and any place outside that state. Plaintiff was engaged in the "production of goods" if he was employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods. An "enterprise engaged in commerce or the production of goods for commerce" means a business that has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000.00.

To prevail on a claim for overtime under the FLSA, a plaintiff must prove, by a preponderance of the evidence, that the employer failed to pay the plaintiff overtime for all hours worked in excess of 40 in one or more workweeks.

14

Approved _____                Not Approved _____                Approved as Modified _____


_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE


*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 11.24.

15

## FLSA Instruction No. 4

**Outside Sales Exemption**

The FLSA provides for numerous exemptions to overtime pay for employees. If an employee meets an FLSA exemption, he is not eligible for overtime pay.  One such exemption is known as the "outside sales" exemption. To establish that Plaintiff is exempt under the outside sales exemption, and not entitled to overtime pay, Plaintiff must first prove by a preponderance of the evidence that he is an employee, not an independent contractor, then Defendants must prove each of the following facts by a preponderance of the evidence:

    (1) Plaintiff's primary duty is:

        (i) making sales, or

        (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and

    (2) Plaintiff is customarily and regularly engaged away from the Defendants' place of business in performing such primary duty.

Under the outside sales exemption, the employee's primary duty must be making sales. Sales means any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition and includes the transfer of title to tangible property.

The term "primary duty" means the principal, main, major or most important duty that the Plaintiff performs, based on all the facts in the case. While employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement, time alone is not the sole test. Exempt employees are not required to spend more than 50 percent of their time performing exempt work. In determining the primary duty of an outside sales employee, work performed incidental to and in conjunction with the employee's own outside sales or solicitations shall be regarded as exempt outside sales work.

An outside sales employee must be customarily and regularly engaged away from the employer's place of business. The outside sales employee is an employee who makes sales at the customer's place of business or home, but does not include sales made by mail, telephone or the Internet unless such contact is used merely as an adjunct to in-person sales. Promotional work that is performed incidental to and in conjunction with an employee's own outside sales or solicitations is exempt work.

The phrase "customarily and regularly" means a frequency that must be greater than occasional, but which may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks.

Approved _____          Not Approved _____          Approved as Modified _____

_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE

*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 11.26; 29 C.F.R. § 541.500; 29 C.F.R. § 541.501; 29 C.F.R. § 541.502; 29 C.F.R. § 541.503; 29 C.F.R. § 541.700; 29 C.F.R. § 541.701; *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142 (2012).

**FSLA Liability Questions**

## QUESTION NO. 1

Has Plaintiff proved that he was an "employee" and not an independent contractor? (*See* FLSA Instruction No. 1)

ANSWER:     NO _____          YES _____

If you answered "yes" to Question No. 1, then move on to Question No. 2.  If you answered "no" to Question No. 1, stop and do not answer any more questions.

## QUESTION NO. 2

Has Plaintiff proved that he was engaged in commerce or in the production of goods for commerce? (*See* FLSA Instruction 3)

ANSWER:     NO _____          YES _____

If you answered "yes" to Question No. 2, then move on to Question No. 3.  If you answered "no" to Question No. 2, stop and do not answer any more questions.

## QUESTION NO. 3

Has Plaintiff proved that he worked more than 40 hours in a workweek, and that Defendants failed to pay Plaintiff overtime pay? (*See* FLSA Instruction 3)

ANSWER:     NO _____          YES _____

If you answered "yes" to Question No. 3, then move on to Question No. 4.  If you answered "no" to Question No. 3, stop and do not answer any more questions.

## QUESTION NO. 4

Have Defendants proved that Plaintiff was exempt from the overtime-pay requirement as an outside sales employee? (*See* FLSA Instruction 4)

ANSWER:     NO _____          YES _____

If you answered "yes" to Question No. 4, stop and do not answer any more questions. If you answered "no" to Question No. 4, then move on to Question No. 5.

## QUESTION NO. 5(a)

Has Plaintiff proved that any of the named Defendants were his "employer"? (*See* FLSA Instruction No. 2)

ANSWER:     NO _____            YES _____

If you answered "yes" to Question No. 5(a), then identify which named Defendants were his "employer" in Question No. 5(b). You may answer "yes" for any number of Defendants.  If you answered "no" to Question No. 5(a), stop and do not answer any more questions.

## QUESTION NO. 5(b)

United 10:     NO_____            YES _____

United 2:     NO_____            YES _____

UI Holdings:  NO _____            YES _____

Carlton:     NO _____            YES _____

Denyer:     NO _____            YES _____

Hess:     NO _____            YES _____

If you answered "yes" regarding United 10, United 2, or UI Holdings, answer Question No. 6 regarding each of those entities for which you answered "yes." If you answered "yes" regarding any Individual Defendant but "no" regarding United 10, United 2, and UI Holdings, go to Question No. 7. If you answered "no" for every Defendant, stop and do not answer any more questions.

## QUESTION NO. 6

For any entity for which you answered "yes"  in response to Question No. 5(b), has Plaintiff proved that it was engaged in commerce or in the production of commercial goods with annual gross sales of at least $500,000 in 2016, 2017, and 2018? (*See* FLSA Instruction No. 3)

ANSWER:

United 10:     NO_____            YES _____

United 2:     NO_____            YES _____

UI Holdings:  NO _____            YES _____

If you answered "yes" to Question No. 6 for any Defendant, go to Question No. 7.  If you answered "no" to Question No. 6 for all Defendants <u>and</u> you answered "no" to Question No. 5(b) for Denyer,

19

Carlton, and Hess, stop and do not answer any more questions.


Approved _____          Not Approved _____          Approved as Modified _____



_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE


*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), §§ 11.24, 11.26; *Gray v. Powers,* 673 F.3d 352, 355 (5th Cir. 2012); 29 C.F.R. § 541.500; 29 C.F.R. § 541.501; 29 C.F.R. § 541.502; 29 C.F.R. § 541.503; 29 C.F.R. § 541.700; 29 C.F.R. § 541.701; *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142 (2012).

**Damages Instruction No. 1**
**Consider Damages Only If Necessary**

**Damages**

If you find that any Defendant violated the FLSA, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

The amount of damages is the amount of overtime compensation you find that Plaintiff is owed but was not paid. Plaintiff is entitled to recover unpaid overtime for the two years before he filed this lawsuit, unless you find that any Defendant either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that Defendants knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiff is entitled to recover unpaid overtime for three years before the date he filed this lawsuit. Plaintiff filed this lawsuit on May 15, 2019.

To calculate damages for each week, divide Plaintiff's total commissions earned each week by the total number of hours worked in the workweek.  Then divide that number by two and multiply it by the number of overtime hours (that is, hours worked over 40 in a week) that Plaintiff worked in that week.

 Approved _____          Not Approved _____          Approved as Modified _____


_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE


*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 11.25; 29 U.S.C. § 216(b); 29 C.F.R. § 778.118.

**Damages Questions**

## QUESTION NO. 7 – Damages

Has Plaintiff proved that he is entitled to recover damages from any Defendant under the FLSA?

ANSWER:      NO _____            YES _____

If you answered "yes" to Question No. 7, then move on to Question No. 8.  If you answered "no" to Question No. 7, stop and do not answer any more questions.

## QUESTION NO. 8 – Damages

Has Plaintiff proved that any Defendant either knew its conduct was prohibited by the FLSA or showed reckless disregard for whether its conduct was prohibited by the FLSA?

ANSWER:

*ONLY ANSWER FOR ANY ENTITY FOR WHICH YOU ANSWERED "YES" TO QUESTION NO. 6*

United 10:      NO_____            YES _____

United 2:       NO_____            YES _____

UI Holdings:  NO _____            YES _____

*ONLY ANSWER FOR ANY INDIVIDUAL FOR WHOM YOU ANSWERED "YES" TO QUESTION NO. 5(b)*

Carlton:        NO _____            YES _____

Denyer:         NO _____            YES _____

Hess:           NO _____            YES _____

If you answered "no" to Question No. 8 for all Defendants, you should award damages for the two-year period from May 15, 2017 to May 15, 2019. If you answered "yes" to Question No. 8 for any Defendant, you should award damages for the three-year period from May 15, 2016 to May 15, 2019.  Move on to Question No. 9.

## QUESTION NO. 9 – Damages

What sum of unpaid overtime has Plaintiff proved he worked but for which he was not paid? Answer in dollars and cents using the following formula:

Formula for each individual week:

Step 1 – Amount earned in a week / Total number of hours worked in the week = Regular rate
Step 2 – Regular rate / 2 = Overtime Rate
Step 3 – Total number of hours worked in the week – 40 = Overtime Hours
Step 4 – Overtime Hours x Overtime Rate = Overtime owed for that week

Repeat the steps above for each week in which overtime is owed (*see* Question No. 8 to determine which weeks for which to award overtime).

Total for all weeks: $_____

 Approved _____          Not Approved _____          Approved as Modified _____

_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE

*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 11.25; 29 C.F.R. § 778.118.

**Duty to Deliberate**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Approved _____          Not Approved _____          Approved as Modified _____


_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE


*Source:* Fifth Circuit Pattern Jury Instructions (Civil Cases) (rev. Oct. 2016), § 3.7.

**Finalization of the Verdict Form**

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

I certify that the jury was unanimous in answering the foregoing questions.

_____
JURY FOREPERSON


_____
Printed Name of Jury Foreperson



Approved _____          Not Approved _____          Approved as Modified _____



_____
HON. ADA BROWN
UNITED STATES DISTRICT JUDGE

*Source:* FED. R. CIV. P. 48.

25